OPINION. Hill, Judge: Petitioner assigned as error respondent’s “failure to exclude from petitioner’s income gain on purchase in 1940 of petitioner’s bonds at a discount, in the amount of $5,416.67.” The respondent denies that he erred thereby. The transactions involving the purchase of petitioner’s bonds at less than their face value, which it contends resulted in the gain erroneously represented in its 1940 income tax return as income, may be summarized as follows: (a) $1,600 face value in bonds purchased by the trustee from the Cleveland Trust Co. in March 1940 at a price of $1,088. The amount of the accrued interest is not shown. (b) $13,500 face value in bonds purchased by the trustee from F. L. Miller in March 1940 at a price not disclosed by the record. (c) $2,500 face value in bonds purchased by the petitioner from L. J. Schultz & Co. on April 4, 1940, at a price of $1,975, plus accrued interest in the sum of $9.44. (d) $6,800 face value in bonds purchased by the petitioner from F. L. Miller in August 1940 at a price of $5,372, plus accrued interest in an amount not disclosed by the record. It is not possible to determine from the above tabulation how petitioner arrived at the figure of $5,416.67 as representing the gain realized through the transaction involved. However, this is the amount represented in its income tax return for the taxable year involved as gain realized through the transaction above tabulated and no question is raised as to the correctness of this figure. Therefore, we accept it as correctly reflecting the total amount of discount at which petitioner and/or its trustee purchased certain of its outstanding bonds. We think that the decision of the Supreme Court in Commissioner v. Jacobson, 336 U. S. 28, compels that that amount be included in its taxable income for the year involved. The Jacobson case differs from this one only in the fact that the taxpayer there was an individual and not a corporation, as here. The Court pointed opt, however, that: * * * The nature of the gain derived by a debtor from his purchase of his own obligations at a discount is the same whether the debtor is a corporation or a natural person. * * * Thus, the petitioner here can escape taxability of the amount of such discount as income only if it is shown that such discount constituted a gift. The gains involved are not gifts within the purview of section 22 (b) (3) of the Internal Revenue Code.[1] The Supreme Court stated in th& Jacobson case that: The situation in each transaction is a factual one. It turns upon whether the transaction is in fact a transfer of something for the best price available or is a transfer or release of only a part of a claim for cash and of the balance “for nothing.” * * * We have found as a fact that the bondholders did not intend to transfer something for nothing; on the contrary, we think the evidence affirmatively shows that the “transaction [was] in fact a transfer of something for the best price available.” Commissioner v. Jacobson, supra. To support its contention, petitioner relies principally upon the decision of the United States Court of Appeals for the Seventh Circuit in Jacobson v. Commissioner, 164 Fed. (2d) 594, which affirmed in part and reversed in part our decision in Lewis F. Jacobson, 6 T. C. 1048. The Supreme Court reversed the Circuit Court in Commissioner v. Jacobson, supra; consequently the decision of the Circuit Court is of no weight here. It follows that respondent did not err in his determination. Decision will be entered for respondent. SEC. 22. GROSS INCOME. ******* (b) Exclusions from Gross Income. — The following items shall not be included in gross income and shall be exempt from taxation under this chapter: ******* (3) Gifts, bequests, and devises. — The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).